**Dominic A. ESPOSITO, Administrator of the Estate of Richard William Bittle, Plaintiff,**

**v.**

**David CUSHMAN,**

**and**

**Michael Izzi and Coramay McCord Izzi, his wife individually and trading as Two-O-Two Inn, also known as 202 Inn,**

**and**

**202 Inc. also known as Two-O-Two Inc., Defendants.**

**Civ. A. No. 34317.**

United States District Court
E. D. Pennsylvania.
Jan. 15, 1968.

G. Clinton Fogwell, Jr., West Chester, Pa., for plaintiff.

Richard Reifsnyder, West Chester, Pa., Samuel M. Lehrer, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

FULLAM, District Judge.

In this wrongful death action the plaintiff's claim against the defendants, Michael Izzi and Coramay Izzi, his wife, and the corporate defendant, was that the minor who was driving the motor vehicle at the time of the accident had been served intoxicating beverages in a restaurant owned and operated by these defendants. In the course of the trial, a compromise settlement was agreed upon, pursuant to which, on April 19, 1967, a consent verdict resulting in a judgment against these defendants in the sum of Five Thousand Dollars ($5,000.00) was entered, and execution of the judgment was stayed for a period of six months. Mr. and Mrs. Izzi were represented by counsel throughout these proceedings; Mr. Izzi was present at various conferences in chambers when the settlement agreement was worked out, and was present in court when the settlement was explained to the jury and the consent verdict rendered. Both he and his counsel were given an opportunity to make corrections or express objections before the verdict was recorded.

On November 27, 1967, the defendant, Michael Izzi, appearing in *propria persona,* filed a "Motion to Strike Judgment" alleging the following grounds: (1) his understanding of the settlement agreement was that no payment would be required until the final conclusion of a condemnation claim which he is pursuing in the state courts; (2) he did not agree to the entry of a judgment; (3) he never authorized anyone to agree to the entry of a judgment, and did not know that a judgment had been entered; (4) "The judgment entered was by fraud and should not be permitted to stand"; and (5) "Defendant has a good defense to the plaintiff's claim." On December 22, 1967, Mr. Izzi obtained a stay of execution on the judgment, pending hearing on his motion to strike, which hearing was scheduled for January 3, 1968.

At the hearing, Mr. Izzi presented no evidence, but made various lengthy statements in support of his motion. Mr. Izzi's statements related principally to the condemnation proceedings in the state court, a matter which obviously is of no concern in this proceeding. He also made various claims challenging the accuracy and good faith of the witnesses who would have testified for the plaintiff if the trial had proceeded to its conclusion. He did not challenge the fact that he had agreed to the compromise settlement, and that the judgment was properly entered pursuant to the compromise settlement agreement. However, in order not to overlook any possible defect in the proceedings, in view of the averments set forth in Mr. Izzi's motion, I ordered the court reporter to transcribe the relevant portions of the record of the trial on April 19, 1967. I have now reviewed this record, and it is clear beyond dispute that the judgment was entered in complete conformity with the settlement agreed upon and confirmed in open court.

Under these circumstances, there is no basis whatever for disturbing the judgment. Defendant's motion to strike must be denied.